DENNIS E. LOCKE ET AL. v. JOHN G. GROSS ET AL.

*Exclusion of testimony—Discount.*

Judgment will not be reversed for the exclusion of certain testimony where the only fact it could have aided in proving was actually shown by other evidence.

The contract under which an agent was employed to make sales on com- mission provided that the goods were to be sold for cash or for notes payable in one year with interest at seven per cent. In an action by the agent for his commissions the question arose how notes which he had taken without interest were to be put on the cash basis. *Held* proper to discount from their face so much as would make them equivalent to a seven per cent. security at one year.

Error to Washtenaw. Submitted April 18. Decided April 25.

Assumpsit. Plaintiff brings error. Affirmed.

*Sawyer & Knowlton* for appellants.

*Charles R. Whitman* for appellees.

Campbell, J. Plaintiffs sued defendants for commissions on sales of certain mills and machinery and recovered judgment. Errors are assigned on the rulings of the judge in his charge and the exclusion of a certain book entry as evidence. In regard to this last item it is enough to say that all that it could have aided in proving was actually proved by the witness on whose testimony it was to be established.

The only matters beyond this referred to in the argument of counsel relate to certain matters of computation. It was a part of the contract that mills were to be sold at an average of $110 in cash or good notes payable in one year with 7 per cent. interest, and plaintiffs were to receive twenty-five per cent. Some notes were taken without interest, and a question arose how they were to be put on the cash basis referred to. The court held it proper to discount from their face such an amount as would make them equivalent to a seven per cent. security at one year. This was not only correct, but was favorable to defendants, because after maturity they would bear interest on the principal at which they were taken and on one year's interest, which certainly could be no cause of complaint.

We do not find any other errors assigned in any tangible form that seem to have any foundation in the charge.

The judgment must be affirmed with costs.

Cooley and Marston, JJ. concurred.